UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>              Plaintiff,<br>v.<br><br>ROGER KNOX, WINTERCAP S.A., MICHAEL T. GASTAUER, WB21 US INC., SILVERTON SA INC., WB21 NA INC., C CAPITAL CORP., WINTERCAP SA INC. AND B2 CAP INC.<br>              Defendants.<br><br>RAIMUND GASTAUER, SIMONE GASTAUER FOEHR, AND B21 LTD.<br>              Relief Defendants. | 18-CV-12058-RGS |

**PRELIMINARY INJUNCTION, ASSET FREEZE, AND**
**ORDER FOR OTHER EQUITABLE RELIEF**

Having considered the motion filed by plaintiff Securities and Exchange Commission ("Commission"), pursuant to Fed. R. Civ. P. 65(a), for entry of a preliminary injunction, asset freeze, and order for other equitable relief, as well as all of the pleadings and other materials submitted by the parties, the Court finds that the Commission has shown that: (1) it is reasonably likely to establish that Defendants have directly or indirectly engaged in the violations alleged in the Complaint; (2) there is a reasonable likelihood that these violations will be repeated; (3) there is a strong indication that unless restrained and enjoined by Order of this Court, Defendants may dissipate and conceal assets which could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (4) entry of a preliminary injunction and an order freezing assets is in the public interest. In consideration of the foregoing:

## I.

**IT IS HEREBY ORDERED** that the Defendants Roger Knox and Wintercap SA (the "Knox Defendants") and each of their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) employing any device, scheme or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED** that the Knox Defendants and each of their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or

indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange, in the offer or sale of any security:

(a) employing any device, scheme or artifice to defraud;

(b) obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED** that the Knox Defendants and each of their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from violating Section 5 of the Securities Act [15 U.S.C. §77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any security through the use or medium of any prospectus or otherwise, unless a registration is in effect as to such security;

(b) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or

        for delivery after sale, unless a registration statement is in effect as to such security; or

(c)     making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. §77h].

### IV.

**IT IS HEREBY FURTHER ORDERED** that the Knox Defendants and each of their agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from violating Section 15(a) of the Exchange Act [15 U.S.C. §78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. §78o(b)].

### V.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from aiding and abetting any violation of Section

10(b) of the Exchange Act or Rule 10b-5 thereunder by knowingly or recklessly providing substantial assistance to any person who directly or indirectly, in connection with the purchase or sale of securities, by the use of the means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange, intentionally, knowingly or recklessly, (i) employed devices, schemes, or artifices to defraud; (ii) made any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (iii) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon any persons, including purchasers or sellers of the securities.

## VI.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from aiding and abetting any violation of Section 17(a) of the Securities Act by knowingly or recklessly providing substantial assistance to any person who directly or indirectly, in the offer or sale of securities, by the use of the means or instrumentalities of interstate commerce or of the mails, directly or indirectly, acting with the requisite degree of knowledge or state of mind (i) employed devices, schemes, or artifices to defraud; (ii) obtained money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of circumstances under which they were made, not misleading; and (iii) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon any persons, including purchasers or sellers of the securities.

## VII.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from aiding and abetting any violation of Section 5(a) or 5(c) of the Securities Act by knowingly or recklessly providing substantial assistance to any person who directly or indirectly, (a) made use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell, through the use or medium of a prospectus or otherwise, securities as to which no registration statement has been in effect and for which no exemption from registration has been available; and/or (b) made use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell, through the use or medium of a prospectus or otherwise, securities as to which no registration statement has been filed and for which no exemption from registration has been available.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that:

A.  Defendants, Relief Defendants, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of Defendants or Relief Defendants and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of

Defendants or Relief Defendants, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement)), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the following accounts:

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| Citibank N.A. | United States | Wintercap SA Inc.<br>B2 Cap Inc. | x0046<br>x7795 |
| Wells Fargo Bank N.A. | United States | Silverton SA Inc.<br>WB21 NA Inc. | x9757<br>x5546 |
| TD Bank N.A. | United States | WB21 NA Inc.<br>Wintercap SA Inc.<br>B2 Cap Inc. | x8020<br>x8381<br>x9280<br>x4246 |
| Wedbush Securities | United States | Silverton SA<br>Tendall Capital Markets, Ltd. | x7572<br>x1828 |
| State Street Bank and Trust | United States | Tendall Capital Markets, Ltd. | x1828 |
| Apex Clearing Corp | United States | Silverton SA<br>Wintercap SA | x5017 |
| Alternative Execution Group | United States | Silverton SA<br>Wintercap SA | x5018 |
| Bank of Montreal | Canada | Silverton SA | x0495 (USD)<br>x8405 (CAD) |
| Haywood Securities | Canada | Silverton SA | TBD |
| Canaccord Geniuty Corp | Canada | Silverton SA | TBD |
| Forte Securities Ltd. | United Kingdom | Silverton SA | TBD |
| Interactive Brokers UK Ltd. | United Kingdom | Silverton SA | x8760 |
| Monsas Limited | United Kingdom | Silverton SA | TBD |
| Integral FX LLP | United Kingdom | unknown | TBD |
| AfrAsia Bank | Mauritius | Silverton SA | x9019 (USD)<br>x9028 (CAD)<br>x9030 (USD)<br>x0013 (CHF)<br>x0024 (EUR)<br>x0003<br>x0001 |
| MauBank | Mauritius | Silverton SA | x6642 (USD) |
| Peter Pesic & Co. Securities Inc. | Mauritius | Silverton SA<br>Wintercap SA | TBD |
| Tendall Capital Markets Ltd. | Malta | Silverton SA<br>Wintercap SA | x1006 |
| Noor Bank PJSC | UAE | Shamai International FZE | x0018<br>x0039<br>x0051<br>x0073 |
| Emirates NBD Bank | UAE | WB21 DMCC | x8802 |

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| Lombard Forte Securities Ltd. | UAE | Silverton SA | TBD |
| Prometheus Capital Finance Ltd. | UAE | Silverton SA | TBD |
| St. Galler Kantonalbank AG | Switzerland | Silverton SA | x2000 (USD) x2001 (EUR) x2002 (CHF) |
| Citibank Europe PLC | United Kingdom | Michael T. Gastauer | x7117 |
| Migros Bank | Switzerland | Michael T. Gastauer | x1746 |
| DBS Bank Ltd. | Singapore | Michael T. Gastauer | x120-4 |
| Deutsche Postbank AG | Germany | Michael T. Gastauer | x1110 |
| Grant Saw Solicitors LLP | U.K. | Dr. Raimund Gastauer | x2966 |
| Barclays Bank PLC | United Kingdom | B21 Ltd. | x0900 |
| Credit Suisse AG | Switzerland | Simone Gastauer Foehr | TBD |
| Raiffeisen | Switzerland | Simone Gastauer Foehr | x5359 |
| VR-Bank Mittelfranken West eG | Germany | Dr. Raimund Gastauer | x9608 |
| WB21 Pte Ltd. | Singapore | [redacted] | USD x1467<br>USD x6620<br>USD x5148<br>USD x9156<br>USD x8261<br>USD x6008<br>USD x9952<br>USD x5869<br>USD x4108<br>USD x1583<br>USD x4242<br>CAD x0158<br>USD x6698<br>USD x8178<br>USD x8011<br>EUR x0267<br>CAD x1590<br>EUR x8269<br>USD x0426<br>USD x7492<br>USD x8011<br>USD x7424<br>USD x5882<br>USD x4155<br>USD x2728<br>USD x7922<br>USD x8612<br>USD x8610<br>USD x8557<br>USD x4147<br>CHF x7432<br>USD x6208<br>USD x7285<br>GBP x5886<br>USD x9167<br>USD x6029<br>USD x1579<br>USD x1587<br>USD x8263 |

8

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| | | | USD x5878 |
| | | | EUR x3899 |
| | | | USD x3362 |
| | | | USD x1255 |
| | | | USD x4613 |
| | | | USD x1581 |
| | | | USD x5890 |
| | | | EUR x3896 |
| | | | USD x4438 |
| | | | USD x7583 |
| | | | USD x9780 |
| | | | USD x3837 |
| | | | USD x8477 |
| | | | USD x6025 |
| | | | USD x9055 |
| | | | USD x8920 |
| | | | USD x1108 |
| | | | USD x6027 |
| | | | CAD x4730 |
| | | | CAD x6621 |
| | | | CAD x5149 |
| | | | CAD x9157 |
| | | | EUR x8262 |
| | | | CAD x6009 |
| | | | EUR x5870 |
| | | | EUR x4109 |
| | | | CAD x1584 |
| | | | CAD x4243 |
| | | | EUR x6699 |
| | | | CAD x8179 |
| | | | CAD x8012 |
| | | | USD x0266 |
| | | | EUR x9224 |
| | | | USD x8270 |
| | | | EUR x0427 |
| | | | CAD x7493 |
| | | | CAD x8012 |
| | | | EUR x5883 |
| | | | EUR x4156 |
| | | | CAD x7923 |
| | | | EUR x8613 |
| | | | CAD x8611 |
| | | | EUR x8558 |
| | | | CAD x4148 |
| | | | CAD x6209 |
| | | | EUR x7286 |
| | | | EUR x5887 |
| | | | EUR x9168 |
| | | | EUR x6030 |
| | | | CAD x1580 |
| | | | EUR x1588 |
| | | | EUR x8264 |
| | | | EUR x5879 |
| | | | GBP x3900 |
| | | | EUR x3363 |
| | | | CAD x1256 |

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| | | | CAD x4614 |
| | | | CAD x1582 |
| | | | CAD x5891 |
| | | | USD x3897 |
| | | | EUR x4439 |
| | | | CAD x7584 |
| | | | EUR x9781 |
| | | | CAD x3838 |
| | | | EUR x8478 |
| | | | EUR x6026 |
| | | | EUR x8921 |
| | | | CAD x1109 |
| | | | EUR x6028 |
| | | | CHF x1468 |
| | | | CHF x7629 |
| | | | USD x9223 |
| | | | USD x8196 |
| | | | CHF x6955 |
| | | | GBP x3898 |
| | | | EUR x0279 |
| | | | EUR x6456 |
| | | | GBP x7628 |
| | | | CHF x7431 |
| | | | GBP x5457 |
| | | | CAD x7866 |

B. All banks, brokerage, and other financial institutions (including but not limited to those listed in Paragraph VIII.A) and other persons or entities (including but not limited to payment processors, transfer agents, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendants or over which Defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

C.  The above Paragraphs VIII.A and VIII.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

## IX.

**IT IS HEREBY FURTHER ORDERED** that each of the Defendants and Relief Defendants shall submit in writing and serve upon the Commission, within three business days after service of this Order by personal service or otherwise (including by fax, email, or overnight delivery service), a verified, written accounting signed by each of the Defendants and Relief Defendants, under penalty of perjury, of:

1.  All assets, liabilities, and property currently held, directly or indirectly, by or for the benefit of each Defendant or Relief Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

2.  All money, property, assets, and income received by each such Defendant or Relief Defendant for his direct or indirect benefit from the other Defendants, at any time from June 1, 2015, through the date of such accounting, describing the amount, disposition, and current location of each of the items listed;

3. The name and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds, or property of each Defendant or Relief Defendant;

4. All assets, funds, securities and real or personal property invested by each such Defendant or Relief Defendant, or any other person controlled by them, and the disposition of such assets, funds, securities, and real or personal property;

5. All transfers or payments of any funds or other assets to or from the Defendants or Relief Defendants, or to any person or entity for their direct or indirect benefit, subject to their direct or indirect control, over which they exercise actual or apparent authority, or in which they have a direct or indirect beneficial interest, at any time from June 1, 2015, to through the date of such accounting—the identification shall include the date and amount of each transfer or payment, the name and address of the recipient, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution of the person or entity making and the person or entity receiving the transfer or payment;

6. The location of any funds or other assets involved in any transfer or payment identified in response to paragraph IX.5 above that are currently in the Defendants' or Relief Defendants' possession or held by any person or entity for their direct or indirect benefit, subject to their direct or indirect control, over which they exercise actual or apparent authority, or in which they have a direct or indirect beneficial interest—the identification shall include the name and address of each person or entity holding such funds or other assets, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution where the funds or other assets are currently held;

7. The location or other disposition of any funds or other assets involved in any transfer or payment identified in response to paragraph IX.5 above that are no longer in the

Defendants' or Relief Defendants' possession or held by any person or entity for their direct or indirect benefit, subject to their direct or indirect control, over which they exercise actual or apparent authority, or in which they have a direct or indirect beneficial interest—the identification shall include the name and address of each person or entity currently holding the funds or other assets, the dollar value held by each person or entity, an explanation of when and how each person or entity received the funds or other assets, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution where the funds or other assets are currently being held; and

    8. The nature of any investments in which the funds or other assets involved in any transfer or payment identified in response to paragraph IX.5 above were used—for each such investment, the identification shall include the nature and amount of the investment, the date when the investment was made, the proceeds (if any) derived from the investment, and the nature, purpose, and amount of any fees or expenses charged on the investment.

### X.

**IT IS HEREBY FURTHER ORDERED** that Defendants, Relief Defendants, and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from transactions in the securities of the issuers listed in the Complaint.

**IT IS HEREBY FURTHER ORDERED** that Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies obtained from any issuer, or any control person of any issuer identified in the Complaint pending the resolution of this action, nor may they open new bank accounts.

## XI.

**IT IS HEREBY FURTHER ORDERED** that the defendants and each of their agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) shall not destroy, mutilate, conceal, alter, dispose of, or transfer custody of any items (including, but not limited to, any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media, or other property) relating to the activities described in the Complaint.

## XII.

**IT IS HEREBY FURTHER ORDERED** that Defendants and Relief Defendants shall submit in writing to the Commission, within three business days following service of this Order upon them, a list of all street and mailing addresses (including without limitation postal box numbers), telephone or facsimile transmission numbers (including without limitation pagers and mobile telephones), electronic mail addresses, safety deposit boxes, and storage facilities used by them or under their direct or indirect control, at any time since June 1, 2015.


## XIII.

**IT IS HEREBY FURTHER ORDERED** that service of this Order, and all other pleadings in this case, may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendants, or by publication.

_____
UNITED STATES DISTRICT JUDGE

Dated: __10-26__, 2018 at __3:04__ a.m./p.m.