UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

**SECURITIES AND EXCHANGE COMMISSION,**
                              **Plaintiff,**

**v.**

**ROGER KNOX, WINTERCAP SA, MICHAEL T. GASTAUER, WB21 US INC., SILVERTON SA INC., WB21 NA INC., C CAPITAL CORP., WINTERCAP SA INC. AND B2 CAP INC.**
                              **Defendants.**

**RAIMUND GASTAUER, SIMONE GASTAUER FOEHR, B21 LTD., SHAMAL INTERNATIONAL FZE, AND WB21 DMCC**
                              **Relief Defendants.**

**18-CV-12058-RGS**

---

**[proposed]**
**FINAL JUDGMENT AS TO DEFENDANT SILVERTON SA INC.**

WHEREAS, on October 2, 2018, the plaintiff Securities and Exchange Commission ("Commission") commenced this action by filing a Complaint against defendant Silverton SA Inc. ("Silverton" or "Defendant") and others;

WHEREAS, a summons was issued to Silverton on October 2, 2018 (*see* Dkt. No. 10), and a return of service was filed as to Silverton on October 5, 2018, 2018 (*see* Dkt. No. 14);

WHEREAS, the Commission filed a motion for entry of default against Silverton on November 5, 2018 for failure to answer or otherwise appear (*see* Dkt. No. 49);

WHEREAS, in accordance with Fed. R. Civ. P. 55(a), a Clerk's default was entered against Silverton on November 6, 2018, (*see* Dkt. No. 51);

WHEREAS, the court accepts as true the factual allegations of the Complaint against defendant Silverton, who has defaulted, and finds that the court has jurisdiction over this action pursuant to Sections 20(d) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77t(d), 77v(a)], and Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78u(d), 78u(e), 78aa].

WHEREAS, the Commission has applied, pursuant to Fed. R. Civ. P. 55(b)(2), for the entry of this Final Judgment based on defendant Silverton's failure to answer or otherwise respond to the Commission's Complaint, and the court having considered the prima facie case for relief shown by the Commission's Complaint, the memorandum of law in support of the Commission's motion for default judgment, and the supporting declaration of Trevor Donelan, which showing has not been rebutted by defendant Silverton;

NOW THEREFORE, BASED ON THE FOREGOING:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

2

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the

4

registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Silverton is jointly and severally liable, with defendants WB21 NA Inc., WB21 US Inc., C Capital Corp., Wintercap SA Inc., and B2 Cap Inc., for disgorgement of $116,588,918, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,954,511, and a civil penalty in the amount of $_____ pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], for a total of $_____. Defendant shall satisfy this obligation by paying $_____ to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Silverton as a defendant in this action; and specifying that payment is made pursuant

to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  Note: the post

judgment interest rate effective as of the week ending November 30, 2018 is 2.69% per annum.

The Commission shall hold the funds collected pursuant to this Judgment, together with

any interest and income earned thereon (collectively, the "Fund"), pending further order of the

Court.  The Commission may propose a plan to distribute the Fund subject to the Court's

approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain

jurisdiction over the administration of any distribution of the Fund.  If the Commission staff

determines that the Fund will not be distributed, the Commission shall send the funds paid

pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

government for all purposes, including all tax purposes.  To preserve the deterrent effect of the

civil penalty, Defendant shall not, after offset or reduction of any award of compensatory

damages in any Related Investor Action based on Defendant's payment of disgorgement in this

action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Defendant's payment of a civil

penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such

a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall

not be deemed an additional civil penalty and shall not be deemed to change the amount of the

civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against Defendant by or on behalf of one or

more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all funds and other

assets belonging to, held in the name of, or held for the direct or indirect benefit of, Silverton that

were frozen pursuant to Paragraphs VIII.A and VIII.B. of this Court's October 26, 2018

Preliminary Injunction, Asset Freeze and Order For Other Injunctive Relief ("Asset Freeze

Order"), and that have not been subject to any order entered by any federal court as a result of

proceedings filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such order requires the transfer of any asset to the United States government, in accordance with Paragraph VIII.C of the Asset Freeze Order, shall be paid by any entity holding such funds to the Securities and Exchange Commission in satisfaction of the disgorgement and prejudgment interest awarded by paragraph IV of this Final Judgment.

Payment to the Commission may be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Silverton as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE