# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　Plaintiff,<br><br>v.<br><br>ROGER KNOX, WINTERCAP SA, MICHAEL T. GASTAUER, WB21 US INC., SILVERTON SA INC., WB21 NA INC., C CAPITAL CORP., WINTERCAP SA INC. AND B2 CAP INC.<br>　　　　Defendants.<br><br>RAIMUND GASTAUER, SIMONE GASTAUER FOEHR, B21 LTD., SHAMAL INTERNATIONAL FZE, AND WB21 DMCC,<br>　　　　Relief Defendants. | Civil Action No. 18-CV-12058-RGS |

**RELIEF DEFENDANT SIMONE GASTAUER FOEHR'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**
**AND VACATE INJUNCTION AND ASSET FREEZE ORDER**

**TABLE OF CONTENTS**

Page

I. FACTUAL & PROCEDURAL BACKGROUND ..............................................................1
II. ARGUMENT ....................................................................................................................3
    A. The SEC Bears The Burden Of Establishing General Or Specific Personal Jurisdiction. ..............................................................................................................3
    B. The SEC Cannot Establish General Jurisdiction Over Ms. Foehr. .........................3
    C. The SEC Cannot Establish Specific Personal Jurisdiction Over Ms. Foehr. ............4
CONCLUSION ..............................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adams v. Adams*,
   601 F.3d 1 (1st Cir. 2010) ................................................................................................5

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017) .................................................................................................3, 4

*Daynard v. Ness, Motley, Loadhold, Richardson & Poole, P.C.*,
   290 F.3d 42 (1st Cir. 2002) .........................................................................................3, 5

*Duarte v. Koki Holdings Am., Ltd.*,
   No. 18-11995-RGS, 2018 WL 6179511 (D. Mass. Nov. 27, 2018) (Stearns, J.) ........3, 4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ........................................................................................................6

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ........................................................................................................3

*S.E.C. v. Benger*,
   No. 09-cv-676, 2009 WL 1851186 (N.D. Ill. June 29, 2009) .........................................6

*S.E.C. v. Pegasus Wireless Corp.*,
   No. 09-02302 JSW, 2009 WL 3047223 (N.D. Cal. Sept. 21, 2009) ...............................6

*Sawtelle v. Farrell*,
   70 F.3d 1381 (1st Cir. 1995) ...........................................................................................5

*United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*,
   960 F.2d 1080 (1st Cir. 1992) .........................................................................................4

*Walden v. Fiore*,
   571 U.S. 277 (2014) ...............................................................................................4, 5, 6

There is no basis in fact or in law to subject Relief Defendant Simone Gastauer Foehr to suit in this country, in this Commonwealth, and in this forum. Ms. Foehr has no connection to Massachusetts or to the United States; she is a German citizen residing in Switzerland who has never set foot in Massachusetts, never transacted business in the United States, never owned property in the United States, never paid taxes in the United States, and has not even visited the United States since 2010. She has no connection to this country, and the Amended Complaint (the "Complaint") supplies no evidence to the contrary. Accordingly, the lone count against her ought to be dismissed with prejudice for lack of personal jurisdiction, and this Court's order freezing her assets must be vacated.

## I.  FACTUAL & PROCEDURAL BACKGROUND

This lawsuit has nothing to do with any action or inaction by Simone Foehr. In its Complaint, the Securities and Exchange Commission ("SEC") charges Roger Knox and Michael Gastauer, Ms. Foehr's estranged husband, as well as entities Messrs. Knox and Gastauer control, with engaging in a scheme to fraudulently sell stock and defraud investors by "secretly dumping large quantities of stock in circumvention of registration and disclosure requirements imposed by the federal securities laws." Compl. ¶ 2. The Complaint identifies Mr. Knox as the mastermind of the scheme but alleges that he received assistance from Mr. Gastauer, who "assisted Knox by establishing and using a number of U.S.-based entities and bank accounts to receive, and then further distribute, the proceeds of [Knox's] stock sales." *Id.* ¶ 10. The SEC has charged Mr. Knox with six counts of violations of the Securities Act and the Exchange Act and charged Mr. Gastauer with aiding and abetting Mr. Knox's fraud under both the Securities Act and the Exchange Act. *Id.* at 32-42.

The Complaint does not allege that Ms. Foehr violated the federal securities laws, aided and abetted any violation of the securities laws, or even was aware of the conduct alleged. It contains no allegations whatsoever about her citizenship, does not allege that she holds any assets in the United States (let alone Massachusetts), and does not allege that she has engaged in any conduct within or even affecting anyone in the United States. Indeed, the Complaint barely even describes who Ms. Foehr is, identifying her merely "on information and belief" as "[Mr.] Gastauer's relative." Compl. ¶ 109. According to the Complaint, Mr. Gastauer allegedly transferred "approximately $736,000" to "Foehr, or accounts held for [her] benefit." Compl. ¶ 109.

The SEC has deemed Ms. Foehr a "Relief Defendant," asserted a claim against her for unjust enrichment, and sought a constructive trust over her assets. Compl. ¶¶ 20, 24, 143-147. In response to the SEC's motion, and before counsel for Ms. Foehr appeared in this matter, this Court entered a preliminary injunction against Ms. Foehr and ordered that assets held in two Swiss bank accounts under Ms. Foehr's name be frozen. Dkt. 57.

Ms. Foehr has no connection whatsoever to the United States. She is a citizen of Germany who lives in Switzerland year-round. Decl. of Simone Gastauer Foehr ("Foehr Decl.") ¶ 3.[1] She has never visited Massachusetts. Foehr Decl. ¶ 4. She has not set foot in the United States since January 2010. Foehr Decl. ¶ 5. She does not transact business in the United States, holds no assets in the United States, has no offices or employees within the United States, pays no taxes in the United States, and generates no income in the United States. Foehr Decl. ¶¶ 6-9.

---

[1] Ms. Foehr signed her declaration in German, and has attached to this motion the original declaration and an English translation together with a notarized certification attesting to its accuracy.

## II. ARGUMENT

### A. The SEC Bears The Burden Of Establishing General Or Specific Personal Jurisdiction.

The plaintiff bears the burden of proving facts sufficient to sustain personal jurisdiction. *See, e.g.*, *Daynard v. Ness, Motley, Loadhold, Richardson & Poole, P.C.*, 290 F.3d 42, 50 (1st Cir. 2002). In order for this Court to exercise personal jurisdiction over a non-resident defendant, jurisdiction must be (1) authorized by the Massachusetts long-arm statute and (2) consistent with the basic due process requirements mandated by the United States Constitution. *See, e.g.*, *id.* at 52. This Court has recognized that, due to the reach of the Massachusetts long-arm statute, the analysis under that statute collapses into a determination of whether the exercise of personal jurisdiction comports with due process as a matter of federal constitutional law. *Duarte v. Koki Holdings Am., Ltd.*, No. 18-11995-RGS, 2018 WL 6179511, at *2 (D. Mass. Nov. 27, 2018) (Stearns, J.) ("it is appropriate to dispense with the statutory inquiry and proceed directly to the constitutional analysis") (punctuation and citation omitted).

The Due Process Clause demands a showing that the defendant established "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Courts have "recognized two types of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017) (internal quotation marks omitted).

### B. The SEC Cannot Establish General Jurisdiction Over Ms. Foehr.

There can be no dispute that the Court does not have general personal jurisdiction over Mr. Foehr. Because general jurisdiction subjects a defendant to suit over "*any* claim . . . even if

3

all the incidents underlying the claim occurred in a different State," "'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction" there. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014)). More specifically, general jurisdiction is only appropriate where "the defendant has . . . engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992).

Ms. Foehr has not engaged in "continuous and systematic activity" in Massachusetts. In fact, she has never engaged in *any* activity in Massachusetts and has only been in the United States a few times in her life, the most recent of which was approximately eight years ago. *See* Foehr Decl. ¶¶ 4-5.

### C. The SEC Cannot Establish Specific Personal Jurisdiction Over Ms. Foehr.

There is likewise no basis for specific personal jurisdiction over Ms. Foehr. "In order for [a] court to exercise specific jurisdiction, the *suit* must arise out of or relate to the *defendant's* contacts with the *forum*." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (internal punctuation omitted and emphasis added). The inquiry "focuses on the relationship among the defendant, the forum, and the litigation," such that the court must look *not* to "where the plaintiff experienced a particular injury or effect but [to] whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

In this Circuit, the "constitutional test for determining specific jurisdiction has 'three distinct components, namely, relatedness, purposeful availment (sometimes called minimum contacts), and reasonableness.'" *Duarte*, 2018 WL 6179511, at *2 (citing *Hannon v. Beard*, 524 F.3d 275, 282 (1st Cir. 2008)). To satisfy the relatedness prong, "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities."

*Daynard*, 290 F.3d at 60.  To satisfy the requirement of purposeful availment, the defendant's in-state contacts "must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable."  *Daynard,* 290 F.3d at 61 (quoting *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 144 (1st Cir. 1995)).  "The cornerstones upon which the concept of purposeful availment rest[s] are voluntariness and foreseeability."  *Id.* (quoting *Sawtelle v. Farrell*, 70 F.3d 1381, 1391 (1st Cir. 1995)).

"Voluntariness requires that the defendant's contacts with the forum state 'proximately result from actions of the defendant *himself*.'"  *Adams v. Adams,* 601 F.3d 1, 6 (1st Cir. 2010) (citation omitted).  "The contacts must be deliberate, and 'not based on the unilateral actions of another party.'"  *Id.* (citation omitted).  Thus, it is not enough to somehow be affiliated with some other tortfeasor:  "Due process requires" that specific personal jurisdiction be based on a defendant's "own affiliation with the" forum rather than "the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."  *Walden*, 571 U.S. at 286 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 463, 475 (1985)).  The "failure to demonstrate the necessary minimum contacts eliminates the need even to reach the issue of reasonableness."  *Sawtelle*, 70 F.3d at 1394.

This is not a close case:  there is no basis to conclude that Ms. Foehr is subject to specific jurisdiction in the United States.  She is a German national living in Switzerland, who has taken no action at all that relates to this case—nothing she has done has given rise to liability in the United States or caused any effect in the United States.  She has not availed herself—personally or otherwise—of the benefits of the United States since 2010 (when she visited the country as a tourist), and, having nothing to do with America—and nothing to do with the alleged securities

5

fraud scheme—could not reasonably anticipate being haled into a U.S. court. The Complaint supplies no fact to suggest that her participation in this case was even remotely foreseeable.

Taking the allegations in the Complaint as true for the purpose of this motion, Ms. Foehr's only connection to this *litigation* is that a relative of hers deposited funds in accounts located abroad that are held by Ms. Foehr or for her benefit. This is plainly not enough. She has no connection to this *forum* (or this country) at all, and allegations about her relatives do not suffice. As the Supreme Court has repeatedly emphasized, "[the] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). Instead, "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum state." *Walden*, 571 U.S. at 284. That should be doubly true when the third person is an estranged spouse. Ms. Foehr herself has created no contact at all with Massachusetts (or even the United States). She not only lacks even "minimum contacts" with Massachusetts, this country, and this lawsuit—she simply has *no* contacts at all.

The fact that the SEC has labelled Ms. Foehr a "Relief Defendant" does not somehow exempt it from the requirements of the Due Process clause. Indeed, courts engage in the same analysis required by the Constitution for defendants and "Relief Defendants" alike. *See, e.g.*, *S.E.C. v. Pegasus Wireless Corp.*, No. 09-02302 JSW, 2009 WL 3047223, at *1 (N.D. Cal. Sept. 21, 2009) (denying Relief Defendant's motion to dismiss for lack of personal jurisdiction because resident of South Carolina had "sufficient contacts with the United States" to be subject to suit in California); *S.E.C. v. Benger*, No. 09-cv-676, 2009 WL 1851186, at *7 (N.D. Ill. June

29, 2009) ("the court must determine whether exercising personal jurisdiction over the Relief Defendants would offend the due process clause of the Fifth Amendment").

## CONCLUSION

This Court lacks personal jurisdiction over Ms. Foehr. The claim against her should be dismissed with prejudice, and the order freezing her assets should be vacated as to her.

        Respectfully submitted,

        SIMONE GASTAUER FOEHR

        */s/ John J. Butts*
        John J. Butts, Esq. (BBO No. 643201)
        Andrew S. Dulberg, Esq. (BBO No. 675405)
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, MA 02109
        (617) 526-6000 (t)
        (617) 526-5000 (f)
        john.butts@wilmerhale.com
        andrew.dulberg@wilmerhale.com

Dated:  January 10, 2019