UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROGER KNOX, WINTERCAP SA, MICHAEL T. GASTAUER, WB21 US INC., SILVERTON SA INC., WB21 NA INC., C CAPITAL CORP., WINTERCAP SA INC. AND B2 CAP INC.<br><br>Defendants,<br>and<br><br>RAIMUND GASTAUER, SIMONE GASTAUER FOEHR, B21 LTD., SHAMAL INTERNATIONAL FZE, AND WB21 DMCC<br><br>Relief Defendants. | Case No. 1:18-cv-12058-RGS |

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO ALLOW THIRD PARTY DOCUMENT DISCOVERY

Plaintiff Securities and Exchange Commission ("Commission") seeks the court's permission to serve document subpoenas under Fed. R. Civ. P. 45 on third party financial institutions that the Commission believes may be holding accounts belonging to one or more of the defendants. The Commission is seeking this permission because, under Fed. R. Civ. P. 26(d)(1), the Commission is not authorized to commence discovery until the parties have held their Rule 26(f) discovery planning conference unless the court authorizes such discovery.

The parties' Rule 26(f) conference is not likely to take place soon. The Commission's case has been stayed with respect to defendants Knox and the entity he controls, Wintercap SA, as the result of pending criminal proceedings against Knox. *See* Dkt. No. 76. The stay motion

granted by the court specifically carves out "discovery through subpoenas served on third-parties that seek the production of documents." Dkt. No. 75 at 1. This carve-out was an important reason why the Commission assented to that motion to stay. With respect to the six other corporate defendants, they have been defaulted, and motions for default judgment are currently pending against them. *See* Dkt. Nos. 50, 63. With respect to the last of the defendants, Michael Gastauer, the Commission has been working to effect service of process on him internationally and has filed an update on its attempts to serve him. *See* Dkt. No. 80.

Of the five relief defendants, Ms. Foehr has been served, has filed a special appearance through counsel, and has filed a motion to dismiss. *See* Dkt. No. 70. Relief Defendants Raimund Gastauer and B21 Ltd. have been served, they were defaulted, and the court recently extended their time period to answer the complaint. *See* Dkt. Nos. 80, 85, 90. The Commission has also served relief defendants WB21 DMCC and Shamal International FZE, and proofs of service as to those entities have been filed. *See* Dkt. Nos. 82, 83.

This status report demonstrates that the Commission has been acting diligently to prosecute its claims but that many of the parties have failed to respond to the pleadings they have received. During the course of serving its asset freeze and communicating with firms on whom that freeze has been served, the Commission has become aware of financial institutions that are or were holding accounts belonging to one or more of the defendants or relief defendants. Because it is unlikely that the Rule 26(f) conference will take place soon, the Commission is now seeking court authority to serve document subpoenas that will assist it in identifying the sources and destinations of money that the defendants and relief defendants received into their accounts and that may assist in identifying other accounts that may be subject to the court's asset freeze order (Dkt. No. 57).

The type of expedited discovery that the Commission is seeking in this motion is similar to the type of expedited discovery that courts have often approved in the context of a motion for a temporary restraining order or preliminary injunction, and serves a very similar purpose: to permit the prompt identification of assets that may be proceeds of fraud and to enable to the Commission to pursue freezes to protect those assets for the benefit of harmed investors. *See SEC v. Zubkis*, No. 97 civ 8086, 2005 WL 1560489, *3 (S.D.N.Y. June 30, 2005) (noting that the court's temporary restraining order had granted expedited discovery); *SEC v. Muraca, et al*, No. 17-cv-11400-FDS (D. Mass.), Dkt. No. 8 at ¶VII (dated July 13, 2017) (permitting expedited discovery as part of temporary restraining order).

WHEREFORE, the Commission respectfully requests that Court authorize it to serve third party document subpoenas under Fed. R. Civ. P. 45.

February 27, 2019

Respectfully submitted,
SECURITIES AND EXCHANGE COMMISSION
By its attorneys,

/s/ Kathleen Shields
Eric Forni
Rebecca Israel
Kathleen Shields
David M. Scheffler
Jonathan Allen
33 Arch Street, 24th Floor
Boston, MA 02110
Telephone: (617) 573-8904 (Shields direct)
Fax: (617) 573-4590
Email: shieldska@sec.gov

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I have communicated with counsel for Ms. Foehr and they do not assent to this motion. I have also communicated with counsel who is representing Mr. Knox in his criminal case and they do not assent to this motion. I have communicated with counsel representing WB21 US Inc., WB21 NA Inc., C Capital Corp., Wintercap SA Inc., Silverton SA Inc., B2 Cap Inc., B21 Ltd., Raimund Gastauer and WB21 DMCC and they do not assent to this motion.

       /s/ Kathleen Shields
       Kathleen Shields

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2019, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notice in this case. A copy will also be sent via first class mail and/or email to those parties who have not yet registered for notice via the Court's CM/ECF system.

       /s/ Kathleen Shields
       Kathleen Shields