UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ROGER KNOX, WINTERCAP SA MICHAEL T. GASTAUER, WB21 US INC., SILVERTON, SA INC., WB21 NA INC., C CAPITAL CORPORATION, WINTERCAP SA INC., AND B2 CAP INC. | ) ) ) ) ) ) ) | Civil Action No. 18-cv-12058 (RGS) |
| Defendants, | ) ) | |
| RAIMUND GASTAUER, SIMONE GASTAUER FOEHR, B21 LTD., SHAMAL INTERNATIONAL FZE, AND WB21 DMCC, | ) ) ) ) | |
| Relief Defendants. | ) ) | |

**DEFENDANTS WB21 US INC., SILVERTON, SA, INC., WB21 NA INC., C CAPITAL CORPORATION, WINTERCAP SA INC., and B2 CAP INC.'S MEMORANDUM SUPPORTING THEIR MOTION FOR STAY PENDING OUTCOME OF ROGER KNOX CRIMINAL PROCEEDING**

Pursuant to Fed. R. Civ. P. 6(b) and the Court's inherent power to control its docket, Defendants WB21 US Inc., Silverton, SA, Inc., WB21 NA Inc., C Capital Corporation, Wintercap SA Inc. and B2 Cap Inc. ("Defendants") request that the Court stay this action pending the outcome of the related criminal proceedings alleging the same conduct that the Government has brought against the Defendant, Roger Knox, 18-CR-10385-NMG. Until this motion is decided, the Defendants also request a stay on their time to file answers to the Amended Complaint.

A stay is appropriate here for three reasons.

1

First, with a stay already in place for Roger Knox in this case, the Defendants are hamstrung in mounting their own defense. Roger Knox is the focus of the allegations in the Amended Complaint here. Both the Amended Complaint here and the criminal complaint against Knox allege that Knox facilitated a scheme to effectuate and then launder insider securities trades. In January, on a motion from the U.S. Attorney's Office, this Court stayed discovery as to Knox. (Dkt. 76) Obviously, much of the evidence that the Defendants require to defend the allegations here must come from evidence under Knox's control and from Knox's own testimony. But Knox is entitled to his Fifth Amendment right against self-incrimination and will necessarily claim this right when the Defendants seek discovery from him, including his deposition testimony. Without Knox's participation, the Defendants are walled off from the most significant part of the evidence they need to gather for their defense.

Second, a stay serves the interests of efficiency. As the U.S. Attorney's Office pointed out in its motion for a stay, the facts in this case overlap significantly with the facts in the criminal proceedings. Given the preclusive effect on a later civil action when it has allegations identical to a prior criminal action, the proceedings in the Knox criminal case will certainly shape the proceedings here. *United States v. Rivera,* 55 F.3d 703, 706 (1st Cir. 1995). For similar reasons, the Defendants seek a complete stay, so that discovery cannot continue for the Relief Defendants.

Third, a stay harms no interests. The Court has imposed a stringent restraining order intended to maintain the status quo. It follows, then, that no additional harm can result from a stay.

These three reasons show that a stay is in the public interest, the interests of judicial efficiency, and the interests of fairness to the Defendants. For that reason, and as argued in more

detail below, a stay of discovery is in order for the Defendants. For similar reasons, the Defendants seek a complete stay, so that discovery cannot continue for the Relief Defendants.

## BACKGROUND

As the U.S. Attorney's Office stated in its own motion to stay discovery as to Knox, the allegations in the Knox criminal matter and the case here entirely overlap. Knox remains in custody pending trial. 18-cr-10385-NMG; (Dkt. 45)

In January, the U.S. Attorney's Office requested that this Court stay discovery as to Knox. In its motion, the Government argued that doing so would increase judicial efficiency, due to the preclusive effect of a criminal case's outcome, and that a stay would cut off Knox's access to broad discovery. (Dkt. 75) The Court granted the Government's motion without comment. (Dkt. 76)

## ARGUMENT

Every court has the inherent power to control its docket and to stay proceedings. *Taunton Gardens v. Hills,* 557 F.2d 877, 879 (1st Cir. 1977). A court enjoys particular discretion to stay "pending resolution of another [case] which, "even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved." *Id., quoting Landis v. North American Co.,* 299 U.S. 248, 253-254 (1936). Doing so, however, "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254. In that spirit, the First Circuit has suggested factors for a court to consider, each of which is analyzed below.

    I.    Factors that should bear on consideration of a stay all favor a stay.

The First Circuit has identified these seven factors as significant in consideration of whether to stay proceedings:

1) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation;

2) hardship to the defendant, including the burden should the cases go forward in tandem;

3) the convenience of both the civil and criminal courts;

4) the interests of third parties;

5) the public interest;

6) the good faith of the litigants (or the absence of it); and

7) the status of the cases.

*Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77-78 (1st Cir. 2004).

These factors weigh toward staying these proceedings. First, the plaintiff has scant interest in proceeding with the civil litigation, since the outcome of the criminal proceedings will likely have a preclusive effect, at least as to Knox, that will cut short critical issues in the litigation here. Furthermore, in its motion to stay discovery as to Knox, the U.S. Attorney's Office argued that Knox could use the liberal discovery rules that apply to civil cases to obtain discovery he could not necessarily get in his criminal case. <u>Any</u> discovery in the civil case, the Government stated in its motion for stay, "would implicate the Government's interests in the criminal matter." (DOJ Br. at 11, Dkt. 75)(emphasis added) Thus, a stay is in the plaintiff's interests as well.

Second, if a stay is denied, the Defendants would suffer an insurmountable burden. Because the Amended Complaint identifies Knox as the main actor in the supposed securities fraud scheme, the bulk of the evidence the Defendants need to mount a defense resides with Knox. But since Knox has a criminal proceeding pending—and thus will have Fifth Amendment protection against self-incrimination—he will necessarily withhold from the Defendants the information they would need. This is particularly the case where Knox himself is subject to a stay in these proceedings. For similar reasons, the Defendants seek a complete stay, so that the stay applies as well to the Relief Defendants.

Third, staying these proceedings entirely would greatly benefit the convenience of this Court because doing so would "certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved." *Landis,* 299 U.S. at 253-254. By contrast, a stay would pose no effect on the criminal court.

Fourth, no interests of third parties will be affected by a stay, since the Court has imposed a preliminary injunction aimed at preserving the status quo. (Dkt. 46)

Fifth, the public interest would benefit from a stay, since a stay would increase judicial economy and allow the Government to expend less effort in the litigation. Moreover, as the Government recognized in its own motion, a substantial overlap of facts and evidence between a criminal and a civil case makes the public's interest in a stay even stronger. (DOJ Mem. At 8, Dkt. 75) Indeed, as the Government points out, "T]he most important factor [in ruling on a motion to stay civil proceedings because of a pending criminal case] is the degree to which the civil issues overlap with the criminal issues." (*Id.* at 7, quoting *SEC v. Nicholas*, 569 F.Supp.2d 1065, 1070 (C.D. Cal. 2008) (allowing DOJ intervention and staying SEC action pending resolution of criminal case; citations omitted); *and citing Walsh Secs., Inc. v. Cristo Prop.*

5

*Mgmt.*, Ltd., 7 F.Supp.2d 523, 527 (D.N.J. 1998); *In re Adelphia Comm. Sec. Litig.*, 2003 WL 22358819, *6-7 (E.D. Pa. May 13, 2003)).

Sixth, the good faith of the parties should not be in question here. The Defendants do not seek to gain any undue advantage by a stay, nor could it. Likewise, the Government's good faith is not in question here.

Finally, the status of the case here makes this Motion perfectly timed. With the Defendants' answers to the Amended Complaint now due, and discovery consequently about to ensue, a stay will not affect any action taken so far.

## Conclusion

A stay of this action serves the interests of the Court, the Government and the Defendants. On the other hand, forcing the Defendants to proceed with discovery – while the existing stay as to Knox, and Knox's Fifth Amendment rights, keep them from access to Knox's evidence – poses a serious issue of fairness to the Defendants. Accordingly, the Defendants request a stay pending the outcome of Knox's criminal proceeding, and a stay of their obligation to file an answer to the Amended Complaint while this Motion is decided.

| | |
|---|---|
| May 21, 2019 | /s/  Timothy Cornell |
| Boston, Mass. | Timothy Cornell BBO #654412 |
| | Patrick Dolan BBO # |
| | Cornell Dolan, P.C. |
| | One International Place, Suite 1400 |
| | Boston, MA 02110 |
| | (617) 535-7763 |
| | (617) 535-7760 (fax) |
| | tcornell@cornelldolan.com |
| | pdolan@cornelldolan.com |

**Certificate of Rule 7.1 Conference**

Pursuant to Local Rule 7.1, I certify that counsel for the Defendants have conferred with counsel for the Plaintiff and Defendant Roger Knox in this matter, and counsel for the Plaintiff has informed me that the Plaintiff will oppose this Motion, while Defendant Knox consents.

/s/ Timothy Cornell

**Certificate of ECF Service**

I certify that I will file the above motion through the Court's Case Management/Electronic Case Files system, and that the parties will receive notice of the filing through that system.

/s/ Timothy Cornell