UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
SECURITIES AND EXCHANGE COMMISSION,  )
                                                )
              Plaintiff,                          )
                                                )
          v.                                         )    Case No. 1:18-cv-12058-RGS
                                                )
ROGER KNOX, WINTERCAP SA,                   )
MICHAEL T. GASTAUER, WB21 US          )
INC., SILVERTON SA INC., WB21 NA       )
INC., C CAPITAL CORP., WINTERCAP    )
SA INC. AND B2 CAP INC.                      )
                                                )
              Defendants,                   )
    and                                          )
                                                )
RAIMUND GASTAUER, SIMONE              )
GASTAUER FOEHR, B21 LTD., SHAMAL    )
INTERNATIONAL FZE, AND WB21 DMCC   )
                                                )
             Relief Defendants.         )
_____)

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
<u>OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO STAY</u>**

Plaintiff Securities and Exchange Commission ("Commission") hereby opposes the motion to stay filed by defendants WB21 US Inc., Silverton SA Inc., WB21 NA, Inc., C Capital Corporation, Wintercap SA Inc., and B2 Cap Inc. (collectively the "Gastauer Entity Defendants"). *See* Dkt. Nos. 144, 145.[1]

The Gastauer Entity Defendants seek a complete stay in this action until the pending criminal case against Roger Knox is resolved. Such a stay is not in the Commission's nor the

---

[1] This motion was not filed on behalf of Relief Defendants Raimund Gastauer, B21 Ltd. or WB21 DMCC (the "Gastauer Relief Defendants"), who are also represented by the same counsel representing the Gastauer Entity Defendants. However, there is at least one reference in the motion to the "relief defendants'" interests. *See* Motion at 2. The Commission assumes that the Gastauer Relief Defendants are also seeking a stay because otherwise, they are in default. Their answers to the complaint were due on May 21, 2019 (*see* Dkt. No. 143) and they did not file those answers when due.

public's interest, will unnecessarily delay the resolution of this case, will not increase the efficiency of resolving this case, and is erroneously premised on conflating the interests of criminal authorities with the distinct interests of the Commission, the plaintiff in this case.

## BACKGROUND

While the allegations in this case as to Roger Knox and his entity, Wintercap SA, overlap with those in a criminal case in which Knox was indicted, there is no criminal case against any of the Gastauer Entity Defendants or the Gastauer Relief Defendants.

The United States Attorney's Office ("USAO") moved to intervene to stay this case only as to Knox and his entity Wintercap SA. *See* Dkt. No. 75. The SEC took no position on the USAO's motion to stay in large part because the motion did not seek to interfere with the SEC's prosecution of its case against the Gastauer Entity Defendants. *See id.* at 1-2. The USAO's arguments about why a stay would increase judicial efficiency given the potential preclusive effects if Knox was convicted of a crime are inapplicable to the Gastauer Entity Defendants who have not been charged with a crime, and against whom any preclusive effect of a criminal judgment against Knox is doubtful.

## ARGUMENT

The Gastauer Entity Defendants have been charged with aiding and abetting violations of the federal securities laws because they essentially laundered the proceeds of the far-ranging fraudulent scheme described in the Complaint, and acted at least recklessly when they provided substantial assistance to that scheme. The Gastauer Entity Defendants provided bank accounts through which to move the proceeds of that fraud, obscured the identities of the people and entities sending and receiving those proceeds, and ultimately paid those proceeds both to Knox and his company Wintercap SA (collectively the "Knox Defendants") and their business partners

who controlled the companies whose stock was being dumped into the public markets. *See* Amended Complaint, Dkt. No. 54 ("Complaint"), ¶¶95-106.

While the Gastauer Entity Defendants argue that the allegations in this case "entirely overlap" with the allegations in Knox's criminal case, that is simply not true. Motion at 3. None of the Gastauer Entity Defendants or the Gastauer Relief Defendants have been charged in that, or any other, criminal case. Moreover, there are significant elements of the aiding and abetting charges against the Gastauer Entity Defendants that are not elements of, or relevant to, the proof of the criminal charges against Knox.

The First Circuit has held that "[t]he decision whether or not to stay civil litigation in deference to parallel criminal proceedings is discretionary" and that a party seeking a stay "must carry a heavy burden to succeed in such an endeavor." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). That court also recognized that "a defendant has no constitutional right to a stay simply because a parallel criminal proceeding is in the works." *Id.* at 77-78. The court then identified seven factors that typically should be considered in balancing the interests of the parties given the specific facts of an individual case:

> (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; and (v) the public interest. . . . (vi) the good faith of the litigants (or the absence of it) and (vii) the status of the cases.

*Id.* at 78. In affirming the denial of a stay, the First Circuit recognized that unindicted defendants have rarely been granted stays because they typically do not present a "robust case" justifying the "extraordinary relief" of a stay. *Id.* at 79; *see also SEC v. Vargas*, No. 07-61693, 2010 WL 11505467, *2 (S.D. Fla. Apr. 20, 2010) (declining to stay SEC enforcement action against

3

defendant who had not been charged criminally while criminal case against his co-defendant was prosecuted).

In this case, the *Microfinancial* factors decidedly weigh in favor of allowing the litigation to proceed, with some limited accommodations in the discovery schedule that can be negotiated as part of the pre-trial conference process. The imposition of a blanket stay would be unwarranted, would unnecessarily delay the case, would frustrate the Commission's and the public's interest in the prompt resolution of these serious claims, and would produce no discernible benefit to the defendants or to the courts. The Commission does not dispute that the fourth, sixth and seventh factors (the interests of third parties, the parties' good faith and the status of the case) do not weigh on either side of the balancing that the court must perform. Those three factors are neutral in their relevance here. The remaining factors weigh against the blanket stay requested.

First, the Commission has a significant interest in proceeding with the resolution of this case as to the Gastauer Entity Defendants even though its case against the Knox Defendants is currently stayed. Even if Knox were found guilty at the conclusion of his criminal case, the facts necessary to that judgment alone would not establish the substantial assistance and state of mind elements of the violations that the Commission will need to prove against the Gastauer Entity Defendants. In other words, while collateral estoppel likely would be available as to Knox if he were criminally convicted, it almost certainly would not be available as to the Gastauer Entity Defendants.

There is no good reason to forestall what will be inevitably necessary discovery involving the Gastauer Entity Defendants regardless of the outcome of the Knox criminal case. Proceeding to discovery against these parties will mean that there will be less discovery to do once the Knox

4

criminal case is over, and will permit the Commission to seek and obtain evidence while it is more timely and fresh in the witnesses' memories. While the Gastauer Entity Defendants cite the USAO's motion for a stay in arguing that any discovery as to Knox should not be permitted (*see* Motion at 4), the USAO's interests in protecting the criminal discovery process from interference are not identical to the Commission's interest in efficiently prosecuting the case it has filed against parties who are not involved in the criminal case, and would not be affected by allowing this case to proceed to discovery against the Gastauer Entity Defendants. This factor heavily weighs against a stay. *See SEC v. K2 Unlimited, Inc.*, 15 F. Supp. 3d 158, 160 (D. Mass. 2014) (denying the defendant's requested stay would serve both the interests of the SEC and the "public interest that the SEC is constituted to represent").

Second, the Gastauer Entity Defendants argue that they would be burdened without a stay because they would not be able to obtain discovery from Knox since he would likely assert his Fifth Amendment privilege against self-incrimination and decline to testify. *See* Motion at 5. Though discovery against Knox has already been stayed, the fact that document and deposition discovery from him could not proceed immediately is not a good reason to issue a blanket stay in this case. *See, e.g., In re New England Compounding Pharmacy, Inc. Prod. Liabl. Litig.*, No. 13-2419-RWZ, 2015 WL 13715289, *8 (D. Mass. July 31, 2015) (staying the depositions of defendants who were also defendants in the criminal case but declining to stay depositions of defendants who had not been charged criminally). Instead, the discovery schedule could, and should, be constructed so as to allow discovery involving the Gastauer Entity Defendants and all of the Relief Defendants to proceed, with the provision that the remaining discovery from the Knox Defendants can be completed at the end of the discovery period and after the criminal case has been resolved.

In fact, it has become common for some aspects of discovery to proceed in SEC enforcement cases even when there are ongoing criminal proceedings that concern the same or similar conduct. *See, e.g. SEC v. McLellan*, Civil Action No. 16-cv-10874-DPW (D. Mass.), Dkt. No. 32 (filed Nov. 7, 2018) at 1-2 (describing document discovery and depositions, including foreign depositions, that took place while criminal case was pending); *SEC v. O'Neill, et al.*, Civil Action No. 14-cv-13381-ADB, (D. Mass.), Dkt. No. 29 at 1, ¶2 (filed May 27, 2015) (permitting all fact discovery other than criminal defendants' depositions to proceed during pendency of criminal case); *SEC v. Shapiro, et al.*, Civil Action No. 15-cv-7045 (S.D.N.Y.), Dkt. No. 43 (filed Nov. 4, 2015) at 1, ¶2 (allowing document discovery during pendency of criminal case). *See* Dkt. No. 116-2 (orders collectively attached as exhibit to prior brief).

As another Massachusetts court explained, "a general stay of all civil discovery is not by any means the best option available to the court or to the litigants. Stays can and should be tailored to avoid undue prejudice. By limiting both the time and subject matter covered in temporary deferrals of particular discovery, a Court can allow civil proceedings to progress as much as possible without prejudicing the relative interests of the litigants." *Green v. Crosby*, 177 F. Supp. 3d 673, 678-79 (D. Mass. 2016) (quoting *Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 211 (1989)).

Third, the Gastauer Entity Defendants argue that a blanket stay would be convenient both for this court and would have no effect on the criminal court. *See* Motion at 5. That argument overstates the convenience of a stay in this case. It is highly unlikely that collateral estoppel would apply to preclude litigation of any issues in this case by the Gastauer Entity Defendants even if Knox were convicted. While the existence of a primary violation is one of three elements of an aiding and abetting claim, collateral estoppel typically only applies to bar the litigation of

6

an issue that was actually litigated and decided in a case in which the "party against whom estoppel is asserted was a party (or in privity with a party) to the prior adjudication." *Diogo-Carreau v. American Home Morg. Acceptance, Inc.*, 167 F. Supp. 3d 258, 263 (D. Mass. 2016). Because the Gastauer Entity Defendants are not parties to the Knox criminal case, nor are they likely in privity with Knox, it is doubtful that judgment in the Knox criminal case would have any impact on the Commission's claims against them in this case.

Under the fifth factor, the Gastauer Entity Defendants contend that a blanket stay would be in the public interest because it would limit the "Government's" effort in the litigation. *See* Motion at 5. That argument appears to conflate the efforts and arguments of the USAO with that of the Commission, who is the plaintiff here. Because, as discussed above, there are significant issues that will need to resolved in this case irrespective of the resolution of Knox's case, this factor weighs against a stay. Moreover, because the Commission is seeking significant disgorgement and penalty amounts here, in the hope of returning recovered funds to harmed investors, the public interest weighs in favor of this case moving as soon as possible.

In sum, the balance of the *Microfinancial* factors and best practices in this district weigh against the blanket stay that the Gastauer Entity Defendants seek. This court should deny the requested motion for a stay and order them to answer the complaint promptly. The more detailed questions about setting a discovery schedule, and the conditions under which the stay of discovery as to the Knox Defendants shall be lifted, as well as other decisions about the length or any phases of the discovery schedule should be first discussed by the parties during their Rule 26 conference, and then discussed with the Court at the Rule 16 conference. For the court to rule on these questions without the benefit of the detail that will be provided once the parties have discussions about the specific discovery they will seek would be premature.

## CONCLUSION

WHEREFORE, the Commission respectfully requests that Court deny the moving defendants' motion to stay, order them to answer the complaint, and set a date for a pretrial conference under Fed. R. Civ. P. 16.

June 4, 2019

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION
By its attorneys,

/s/ Kathleen Burdette Shields
Eric Forni
Rebecca Israel
Kathleen Burdette Shields
David M. Scheffler
Jonathan Allen
33 Arch Street, 24th Floor
Boston, MA 02110
Telephone: (617) 573-8904 (Shields direct)
Fax: (617) 573-4590
Email: shieldska@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2019, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notice in this case. A copy will also be sent via first class mail and/or email to those parties who have not yet registered for notice via the Court's CM/ECF system.

/s/ Kathleen Burdette Shields
Kathleen Burdette Shields