UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROGER KNOX, WINTERCAP SA,<br>MICHAEL T. GASTAUER, WB21 US<br>INC., SILVERTON SA INC., WB21 NA<br>INC., C CAPITAL CORP., WINTERCAP<br>SA INC. AND B2 CAP INC.<br><br>Defendants,<br>and<br><br>RAIMUND GASTAUER, SIMONE<br>GASTAUER FOEHR, B21 LTD., SHAMAL<br>INTERNATIONAL FZE, AND WB21 DMCC<br><br>Relief Defendants. | Case No. 1:18-cv-12058-RGS |

**JOINT STATEMENT AND PROPOSED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, counsel for the plaintiff Securities and Exchange Commission (the "Commission"), and counsel for Defendants WB21 US Inc., WB21 NA Inc., Silverton SA Inc., Wintercap SA Inc., C Capital Corp., B2 Cap Inc., Raimund Gastauer, B21 Ltd. and WB21 DMCC ("Defendants") submit this Joint Statement and Proposed Discovery Plan.

I.   **Rule 26(f) Conference of the Parties**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(b), counsel for the Commission, and the Defendants met in person on July 1, 2019 and by telephone on July 9, 2019 to discuss: (i) the nature and basis for their claims and defenses; (ii) the possibility for a prompt settlement or

resolution of this case; (iii) to arrange for the disclosures required by Rule 26(a)(1); (iv) to develop a proposed pretrial plan for the case that includes a discovery plan; (v) to prepare an agenda of items to be discussed at the scheduling conference; and (vi) to consider whether they will consent to trial by magistrate judge.

**II.     Proposed Schedule**

The parties hereto propose the following schedule for the completion of discovery and the submission of dispositive motions:

| Date | Event |
|---|---|
| 8/16/19 | Exchange of initial disclosures under Fed. R. Civ. P. 26(a)(1) |
| 9/13/19 | Deadline for amendments to complaint |
| 10/4/19 | Answers to amended complaint due |
| 5/29/20 | Deadline for completion of fact discovery – with the caveat that if certain fact discovery has been put on hold due to pending criminal charges, the fact discovery period will remain open to permit that fact discovery to be completed after this deadline. |
| 7/10/20 | Deadline for service of expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2) in support of the parties' affirmative cases or affirmative defenses |
| 8/21/20 | Deadline for service of rebuttal expert disclosures and reports |
| 9/30/20 | Deadline for completion of expert depositions |
| 11/6/20 | Deadline for filing motions for summary judgment |

In accordance with Section D.5 of the court's standard Notice of Scheduling Conference, the parties state that they have proposed a fact discovery period of longer than 270 days because of the number of defendants in this case and the likelihood that some of the contemplated

depositions may require the assistance of the Court and international bodies to facilitate the taking of several depositions in the United Kingdom, Germany, Singapore, Mexico, Canada, Marshall Islands, Panama, Switzerland and other jurisdictions. Obtaining foreign cooperation in taking depositions outside of the United States under the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters will likely add time to the necessary discovery schedule.

As the Court requests in its USDC Judicial Forum Survey responses, the parties are also providing information about their expected use of expert testimony and the reason why they have included a period for expert discovery following the conclusion of fact discovery in their proposed schedule.  The Commission anticipates that it may wish to present expert testimony (to the extent this information is not provided by fact witnesses) on the brokerage and bank systems that enable foreign parties to trade securities in United States markets, and the standard compliance practices that such brokerage firms and banks employ to confirm the identity of their customers and the purposes of transactions they facilitate.  The Defendants anticipate that they may wish to present expert testimony on the issues of compliance practices for financial transfers in the U.S. and U.K., including know your customer rules and practices.

### III.   Limitations on Discovery

Regarding Local Rule 26.1(C)'s limits on discovery, both parties anticipate that they will need to exceed the default limit of ten depositions.  In this case, the Commission anticipates that it would take depositions of: (i) 30(b)(6) witnesses for each of the six Gastauer Entity Defendants as well as Relief Defendants B21 Ltd. and WB21 DMCC, (ii) approximately 6 individuals, including defendant Michael Gastauer, relief defendant Raimund Gastauer, Philip Gastuaer (who submitted declarations on behalf of several parties in this case) and other individuals who worked

for or on behalf of one or more of the Defendants, (iii) several third party financial institutions with whom the Defendants opened accounts and to whom representations were made as alleged in paragraphs 95, 99, 100, 103-104 of the Amended Complaint. Potentially four of these depositions, the Commission anticipates, would be taken, with the Court's procedural assistance, outside of the United States. At this time, the Commission anticipates that it will not wish to take more than 17 depositions, and accordingly requests that the Court, as part of the scheduling order, permit the Commission to take as many as 17 depositions. Consistent with the spirit of Local Rule 26.1(C), however, the Commission will endeavor to take as few depositions as necessary during the course of discovery.

The Defendants do not oppose this request, and request that the Court permit them to take as many as 25 depositions. These would include depositions of Knox, Morrie Tobin, Milan Patel, Matthew Ledvina, Daniel Lacher, and the broker-dealers and banks referenced in the complaint but not identified. In addition, the Defendants will need to depose representatives of one or more of the entities which received or processed the funds that are at issue in this action.

## IV. Electronic Discovery

The parties agree to preserve all electronically stored information in their possession, custody or control that may relate in any way to the subject matter of this case, and the source, destination, or movement of any of the $165 million in funds referenced in the Amended Complaint. The Commission has requested that the Defendants produce electronically stored information in a format consistent with its Data Delivery Standards, which it has provided to them. The Defendants have requested that the Commission produce electronically stored information in native format. The parties do not foresee difficulty in complying with these format-related requests.

V.      **Other Matters To Be Addressed At Scheduling Conference**

By way of update, the Commission has been taking steps to attempt to serve defendant Michael Gastauer personally in Germany, where the Commission's counsel believes he is residing. Although the Commission believes Michael Gastauer has been properly served in accordance with the email service allowed by this Court in the temporary restraining order and preliminary injunction, the Commission believes that it may be better able to enforce an eventual judgment it may obtain in European countries if it can demonstrate that Michael Gastauer was served in accordance with German law.

V.      **Trial By Magistrate Judge**

The parties have not reached agreement on proceeding to trial by a magistrate judge.

VI.     **Local Rule 16.1(D)(3) Certifications**

Counsel for the Commission and the Defendants certify that they have conferred with their respective representatives or clients with respect to: (a) establishing a budget for the costs of conducting the full course, and various alternative courses, of this litigation, and (b) the resolution of this litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

July 19, 2019                                             Respectfully submitted,

                                                          SECURITIES AND EXCHANGE COMMISSION
                                                          By its attorneys,

                                                          /s/ Kathleen Shields_____
                                                          Rebecca Israel
                                                          Kathleen B. Shields
                                                          David M. Scheffler
                                                          Jonathan Allen
                                                          Eric Forni
                                                          33 Arch Street, 24th Floor
                                                          Boston, MA 02110
                                                          Telephone: (617) 573-8904 (Shields direct)
                                                          (617) 573-8827 (Forni direct)
                                                          Fax: (617) 573-4590
                                                          Email: shieldska@sec.gov, fornie@sec.gov


                                                          WB21 US INC., WB21 NA INC., SILVERTON SA
                                                          INC., WINTERCAP SA INC., C CAPITAL
                                                          CORP., B2 CAP INC., RAIMIND GASTAUER,
                                                          B21 LTD., and WB21 DMCC

                                                          /s/   Timothy Cornell_____
                                                          Timothy Cornell
                                                          Patrick Dolan
                                                          Cornell Dolan, P.C.
                                                          One International Place, Suite 1400
                                                          Boston, MA  02110
                                                          Telephone: (617) 535-7763
                                                          Email: tcornell@cornelldolan.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2019, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notice in this case. A copy will also be sent via first class mail and/or email to those parties who have not yet registered for notice via the Court's CM/ECF system.

                                     __/s/ Kathleen Shields_____
                                     Kathleen Shields