UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROGER KNOX, WINTERCAP SA, MICHAEL T. GASTAUER, WB21 US INC., SILVERTON SA INC., WB21 NA INC., C CAPITAL CORP., WINTERCAP SA INC. AND B2 CAP INC.<br><br>Defendants,<br>and<br><br>RAIMUND GASTAUER, SIMONE GASTAUER FOEHR, B21 LTD., SHAMAL INTERNATIONAL FZE, AND WB21 DMCC<br><br>Relief Defendants. | Case No. 1:18-cv-12058-RGS |

**JUDGMENT AS TO RELIEF DEFENDANT SIMONE GASTAUER FOEHR**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Simone Gastauer Foehr ("Foehr" or "Relief Defendant") having entered an appearance; consented to the Court's jurisdiction over her for purposes of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, if the Commission obtains a monetary judgment of $736,000 or greater in disgorgement against any of the Defendants Michael T. Gastauer, WB21 US, Inc., WB21 NA Inc., Silverton SA Inc., Wintercap SA Inc., C Capital Corp., or B2 Cap Inc. ("Defendants"), or a monetary judgment of $736,000 or greater against any combination of those Defendants, then Relief Defendant is liable for disgorgement of $736,000, representing profits gained as a result of the conduct of the Defendants alleged in the Complaint. If the Commission obtains any monetary judgment of less than $736,000 in disgorgement against any of the Defendants or any combination of the Defendants, Relief Defendant shall be liable for that amount, representing profits gained as a result of the conduct of the Defendants alleged in the Complaint.

Relief Defendant shall satisfy this obligation solely through her delivery to the Commission of signed Consent Directives addressed to each of the financial institutions listed in paragraphs III through VI below, which express her consent to those financial institutions' compliance with this Judgment, and direct those financial institutions to pay the account balances they are holding for Relief Defendant to the Commission in compliance with this Judgment. Within three business days after a judgment against any, or some combination of, the Defendants that fixes the amount of Relief Defendants' liability under this Judgment becomes final and subject to no further appeals (the "Judgment Date"), counsel for Relief Defendant, who is holding those Consent Directives in escrow, shall deliver them to counsel for the Commission. Relief Defendant agrees to take all other reasonable steps to facilitate the transfer of the sums held by the financial institutions listed in paragraphs III through VI below to the Commission.

Through her delivery of the Consent Directives, Relief Defendant relinquishes all legal

and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds surrendered pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following the Judgment Date.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the following three accounts, which were frozen pursuant to a prior Order of this Court, are hereby released from the control of this Court's Order, are unfrozen, and may be released to the control of Relief Defendant as she directs. No accounts other than these specific accounts are being released from the freeze imposed by this Court's prior Orders.

| Account Owner | Institution Holding Account | Acct. Ending in: |
|---|---|---|
| Simone Gastauer Foehr | Credit Suisse AG | *30001 (CHF) |
| Simone Gastauer Foehr | Migrosbank | *11029 (EUR) |
| Simone Gastauer Foehr | Migrosbank | *11010 (CHF) |

All other accounts frozen by this Court's prior Orders remain frozen. Upon the occurrence of the Judgment Date, the Commission may serve this Judgment on the financial institutions named in paragraphs III through VI below and the funds held by those institutions

shall be paid to the Commission in partial satisfaction of this Judgment.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, after the occurrence of the Judgment Date, and within 5 days after being served with a copy of this Judgment, **WB21 Pte. Ltd.** shall transfer the entire balance of the following **WB21 Pte. Ltd.** account(s) which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
| --- | --- |
| **Simone Gastauer Foehr** | *07039 (CHF) |
| **Simone Gastauer Foehr** | *07040 (EUR) |
| **Simone Gastauer Foehr** | *69954 (USD) |

**WB21 Pte. Ltd.** may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. **WB21 Pte. Ltd.** also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Judgment.

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that after the occurrence of the Judgment Date, and within 5 days after being served with a copy of this Judgment, **Credit Suisse AG ("Credit Suisse")** shall transfer the entire balance of the following **Credit Suisse** account(s) which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| **Simone Gastauer Foehr** | *30000 (CHF) |
| **Simone Gastauer Foehr** | *32002 (EUR) |
| **Simone Gastauer Foehr** | *32001 (USD) |

**Credit Suisse** may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. **Credit Suisse** also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Judgment.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that after the occurrence of the Judgment Date, and within 5 days after being served with a copy of this Judgment, **Migrosbank** shall transfer the entire balance of the following **Migrosbank** account(s) which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| **Simone Gastauer Foehr** | *11037 (CHF) |

**Migrosbank** may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. **Migrosbank** also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Judgment.

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that after the occurrence of the Judgment Date, and within 5 days after being served with a copy of this Judgment, **Luzerner Kantonalbank** shall transfer the entire balance of the following **Luzerner Kantonalbank** account(s) which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| **Simone Gastauer Foehr** | *12001 (CHF) |
| **Simone Gastauer Foehr** | *12002 (EUR) |

**Luzerner Kantonalbank** may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. **Luzerner Kantonalbank** also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Judgment.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, if the sums surrendered to the Commission pursuant to paragraphs III through VI of this Order exceed the amount of Relief Defendant's liability to the Commission, then the Commission shall return any such excess funds to Relief Defendant.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: October 31, 2019.

_Richard G. Stearns_
UNITED STATES DISTRICT JUDGE