UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>      Plaintiff,<br>v.<br><br>ROGER KNOX, WINTERCAP S.A., MICHAEL T. GASTAUER, WB21 US INC., SILVERTON SA INC., WB21 NA INC., C CAPITAL CORP., WINTERCAP SA INC. AND B2 CAP INC.<br>      Defendants.<br><br>RAIMUND GASTAUER, SIMONE GASTAUER FOEHR, B21 LTD., SHAMAL INTERNATIONAL FZE, AND WB21 DMCC<br>      Relief Defendants. | 18-CV-12058-RGS<br><br>Leave to file granted on 8/9/22 |

**RAIMUND GASTAUER'S OPPOSITION
TO THE SEC'S MOTION FOR SANCTIONS**

  Relief Defendant Raimund Gastauer respectfully opposes the SEC's motion for sanctions. Despite the fact that Mr. Gastauer is a German citizen and resident, SEC simply noticed his deposition, rather than follow the requirements of the Hague Convention for Taking Evidence Abroad in Civil and Commercial Matters ("Hague Convention"), on the theory that he is properly regarded as a party to this action. But Mr. Gastauer maintains (as he has from the outset) that because he was served only by email and lacks minimum contacts with the United States, the Court lacks personal jurisdiction over him, and he may not properly be regarded as a party. Mr. Gastauer intends to assert that defense in any action by SEC to enforce a judgment against him in a German Court; and in keeping with that position, he insists that, if SEC wishes

to depose him, it must, at a minimum, comply with the required Hague Convention procedures for voluntarily depositions in Germany, which include obtaining permission for the deposition from the German Ministry of Justice, arranging for the deposition to take place at the United States Consulate General in Frankfurt, and arranging for the deposition to be witnessed by a U.S. Consul.  *See* Hague Convention, Arts. 15 and 16.

## BACKGROUND

The SEC filed its original complaint in this case on October 2, 2018 [Dkt. 1] and an amended complaint on November 15, 2018 [Dkt. 54].  Both named Mr. Gastauer as a relief defendant.  SEC filed proof of service on October 5, 2018, which stated: "Service of summons, complaint, and TRO effected on 10-3-18 via email to Raimund@Gastauer.com."  [Dkt. 15].

On March 1, 2019, after a notice of default was entered against Mr. Gastauer, Mr. Gastauer's original counsel sought leave to appear for the limited purpose of seeking to lift the default and to "contest jurisdiction and service."  [Dkt. 94 at 1; Dkt. 97].  Mr. Gastauer's grandson, Phillip Gastauer, submitted a supporting affidavit attesting to the following facts:

> Raimund Gastauer is a lifelong resident of Germany, speaks only limited English, and has never lived in the United Kingdom.  Until last week, when I informed him about the SECs filing for default judgement, he was unaware of this action.  His 70-year-old old wife, Berta Gastauer, speaks no English, but sporadically checked the email raimund@gastauer.com.  Because she has no knowledge of what the SEC is and doesn`t speak English, she considered the emails served by the SEC as spam and ignored or deleted them.  It is my understanding that under the Hague Convention and German legal procedures the service of court documents by email is not considered valid service. Further, it is my understanding that any documents served in Germany on a German citizen must be provided as a certified translation in German language.

[Dkt. 97-1, ¶ 6].  The Court granted the requested relief.  Dkt. 99, 100].

Mr. Gastauer filed a motion to dismiss [Dkt. 118] and supporting memorandum [Dkt. 119] on March 28, 2019.  He argued that because he "has no minimum contacts with the District

of Massachusetts or even the United States, this Court has no jurisdiction over [him] pursuant to Fed. R. Civ. P. 12(b)(2) and the Due Process Clause of the United States Constitution." [Dkt. 118]. In support of his motion, Mr. Gastauer submitted a sworn declaration attesting that he is a citizen of Germany, where he resides with his wife; he has never visited Massachusetts and has not set foot in the United States since January 2009; over the course of his life, he has visited the United States approximately five times, each time as a tourist; he has never conducted any business, earned any income, paid any taxes, or owned any real or personal property in the United States; he has never conducted business with anyone in the United States; and he does not have an agent, telephone number, offices, employees, post office box, deposit boxes, or bank accounts in the United States. [Dkt. 119-2].

The SEC opposed Mr. Gastauer's motion on the ground that his alleged "receipt and acceptance of substantial sums of money that are the proceeds of a United States fraud scheme are sufficient to establish independent personal jurisdiction over" him. [Dkt. 130, at 1].

The Court denied Mr. Gastauer's motion to dismiss in an electronic order that consisted of two case citations: "See *Smith v. SEC*, 653 F.3d 121, 128 (2d Cir. 2011); *SEC v. Thibeault,* 80 F. Supp. 3d 288, 294-295 (D. Mass. 2015)." [Dkt. 135]. Neither of these cases involved a challenge to the existence of personal jurisdiction, and neither contained any analysis of whether the Due Process Clause permits a Court to exercise personal jurisdiction over a relief defendant based solely on his alleged receipt and acceptance of substantial sums of money that are the proceeds of a United States fraud scheme.

Following the Court's ruling on his motion to dismiss, Mr. Gastauer filed an answer to the complaint in which he denied that the Court has personal jurisdiction over him.

**ARGUMENT**

The SEC was simply wrong in stating that Mr. Gastauer's "receipt and acceptance of substantial sums of money that are the proceeds of a United States fraud scheme are sufficient to establish independent personal jurisdiction over [him]." [Dkt. 130, at 1]. On the contrary, Due Process requires that in the absence of general jurisdiction, which is not alleged here, "there [must] be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This "requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of . . . 'unilateral activity of activity of another party or a third person'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

Yet the unilateral activity of a third person is the only contact between Mr. Gastauer and the United States that is alleged in the complaint. Paragraph 108 of the Amended Complaint alleges: "Between approximately December 26, 2017 and February 27, 2018, [Michael] Gastauer caused WB21 US Inc. and C Capital Corp to transfer approximately $3.3 million to Gastauer's father, Raimund Gastauer, or accounts held for Raimund Gastauer's benefit." [Dkt. 54, ¶ 108]. SEC has argued that this allegation establishes "purposeful availment" by Mr. Gastauer [Dkt. 130, at 9], but that argument is unpersuasive. The Court, in any event, did not indicate that it accepted the argument in denying Mr. Gastauer's motion.

SEC also incorrectly argues, in the alternative, that because the Court's equity power extends to relief defendants in possession of ill-gotten gains, the Court need not establish "independent" personal jurisdiction over Mr. Gastauer because the Court "indisputably" has

personal jurisdiction over *Michael Gastauer*, the alleged owner of the ill-gotten gains. [Dkt. 130, at 4-8]. But that argument confuses personal jurisdiction with subject-matter jurisdiction. Courts have indeed held that "in the context of an SEC enforcement action, a relief defendant . . . is not a real party in interest . . . [and therefore] can be joined to aid the recovery of relief without the assertion of *subject matter* jurisdiction." *SEC v. World Cap. Mkt., Inc.*, 864 F.3d 996, 1004 (9th Cir. 2017) (emphasis added; internal quotation marks omitted). But courts have also held that "[t]he broad equity power to order disgorgement does not extend beyond the limits of due process and obviate the need to establish personal jurisdiction." *SEC v. Zhuobin Hong*, Case No. 220-CV-04080, 2022 WL 3134124, at *1 (C.D. Cal. July 1, 2022). "[A] court still must follow the mandates of constitutional due process even in actions in equity for unjust enrichment." *Id.*

To establish personal jurisdiction over relief defendants in a securities enforcement action, the SEC must show "that the relief defendants have 'minimum contacts' with the United States, and that the assertion of jurisdiction is 'reasonable' . . . [i.e. that it] comports with traditional notions of fair play and justice under the circumstances of the case." *SEC. v. Montle*, 65 F. App'x 749, 752 (2d Cir. 2003). Courts evince their understanding of this requirement by routinely performing a minimum contacts analysis in SEC (and FTC) enforcement actions against relief defendants who challenge personal jurisdiction. *See, e.g.*, *Zhuobin Hong,* 2022 WL 3134124, at *2 (collecting cases); *FTC v. Educare Ctr. Servs., Inc.*, 414 F. Supp. 3d 960, 983 (W.D. Tex. 2019) (same); *SEC v. Benger*, No. 09 CV 676, 2009 WL 1851186, at *7 (N.D. Ill. June 29, 2009). The Court did not do so in this case. And, as noted earlier, SEC's amended complaint does not even allege acts of "purposeful availment" by Mr. Gastauer, as required in cases like this one where general jurisdiction is not alleged and does not exist.

In sum, Mr. Gastauer was not properly served under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents *in* Civil or Commercial Matters and was not given notice of a deposition that complied with the Hague Convention for Taking Evidence Abroad in Civil and Commercial Matters; he lacks minimum contacts with the United States; and it would not be reasonable, fair, or just for this Court to exercise personal jurisdiction over him under the circumstances of this case.  As noted, the SEC served him only by email with a complaint that alleged only one basis for personal jurisdiction, namely, that Mr. Gastauer was the recipient of ill-gotten gains transferred from the United States.  Despite knowing, however, that Mr. Gastauer denied purposefully availing himself of the privilege of conducting activities within the United States, the SEC took no steps to establish (through discovery or otherwise) that those transfers were anything but unilateral activity on Michael Gastauer's part.  There is no allegation that Mr. Gastauer even knew which country the money had been wired from.  Exercising jurisdiction over Mr. Gastauer under these circumstances would not comport with due process of law.

## CONCLUSION

For the reasons stated herein, the SEC's motion for sanctions should be denied.

Dated: August 12, 2022

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: /s/ *William D. Weinreb*
William D. Weinreb (BBO #557826)
111 Huntington Avenue, Suite 520
Boston, MA 02199
Phone: 617-712-7100

Counsel for Relief Defendant Raimund Gastauer

## CERTIFICATE OF SERVICE

      I hereby certify that on August 12, 2022, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notice in this case. A copy will also be sent via first class mail and/or email to those parties who have not yet registered for notice via the Court's CM/ECF system.

                                        /s/ *William Weinreb*
                                        William Weinreb