UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12058-RGS

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff

v.

ROGER KNOX, WINTERCAP S.A., MICHAEL T. GASTAUER, WB21 US
INC., SILVERTON SA INC., WB21 NA INC., C CAPITAL CORP.,
WINTERCAP SA INC., and B2 CAP INC.,
Defendants

and

RAIMUND GASTAUER, SIMONE GASTAUER FOEHR, B21 LTD.,
SHAMAL INTERNATIONAL FZE, and WB21 DMCC,
Relief Defendants

MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION FOR SANCTIONS

October 7, 2022

STEARNS, D.J.

On June 3, 2022, this court entered summary judgment against eight

defendants and relief defendants in this securities fraud action.   The court

also allowed in part and denied in part plaintiff Securities and Exchange

Commission's (the Commission or SEC) motion for summary judgment as to

relief defendant Raimund Gastauer.   The court, however, ordered Gastauer

to submit to a deposition as a remedy for his failure to comply with discovery

as ordered.   Gastauer refused to participate in the deposition, leading the Commission to move for sanctions.   For the following reasons, the court ALLOWS the motion for sanctions and orders summary judgment for the Commission.

## BACKGROUND

The facts of the case are set forth in the court's summary judgment opinion (Dkt # 263), and the court here recites only those facts relevant to the sanctions motion.

Defendant Michael Gastauer owned a group of entities that Roger Knox used to launder the proceeds of his fraud, which involved the sale of over $150 million of unregistered penny stocks.   Michael Gastauer transferred certain of the laundered funds to relief defendants B21 Ltd., WB21 DMCC, and his father Raimund Gastauer.   The court previously found that the Commission had established that Raimund had received $500,000 in proceeds from the fraud transferred to a bank account in his name by entities controlled by his son.   However, the court denied the Commission's motion for summary judgment on its claim for disgorgement relating to two additional transfers totaling $2,815,305.   The Gastauer Family Trust (GFT Investment Holdings) had used those transfers to

purchase a condominium at 3 Dollar Bay Place, London (the Dollar Bay Property).   Raimund Gastauer submitted evidence and a sworn declaration asserting that he had no interest in GFT Investment Holdings or the Dollar Bay Property at the time of the purchase and therefore was improperly named as a relief defendant.

Because Gastauer had failed to produce this evidence or to articulate this new theory during the discovery period, the court entered a supplemental discovery schedule permitting the Commission to depose Gastauer by July 18, 2022.   The Commission noticed a video deposition for July 12, 2022, then postponed it to July 18 at Gastauer's attorney's request. On July 13, 2022, Gastauer's counsel informed the SEC that Gastauer did not intend to sit for the deposition.   Consequently, the Commission moved for sanctions that would include granting the Commission's motion for summary judgment in full.

## DISCUSSION

### A.    Personal Jurisdiction

Gastauer does not deny that he refused to sit for the mandated deposition.   Nor does he disagree that summary judgment is an appropriate sanction.   Instead, while acknowledging the court's previous order to the

contrary (Dkt # 135), Gastauer again argues that the court lacks personal jurisdiction over him.   For that reason, he disclaims any duty to attend a deposition not noticed under the requirements of the Hague Convention for Taking Evidence Abroad in Civil and Commercial Matters (Hague Convention).   While the court adheres to its previous ruling on personal jurisdiction, it will briefly explain why it disagrees with Gastauer's untimely argument.[1]

A relief defendant is someone who gratuitously receives the proceeds of a fraud without a legitimate claim.   *See S.E.C. v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998).   While relief defendants are often banks, trustees, or other custodians, "the term is broad enough to encompass persons who are in possession of funds to which they have no rightful claim, such as money that has been fraudulently transferred by the defendant in the underlying securities enforcement action."   *S.E.C. v. Ross*, 504 F.3d 1130, 1141 (9th Cir. 2007).   To prevent a defendant from misappropriating fraudulent gains, a court may order a relief defendant to disgorge the ill-gotten funds they received.   *See S.E.C. v. World Capital Mkt., Inc.*, 864 F.3d 996, 1003 (9th

---

[1] Gastauer did not move for reconsideration of the court's initial order denying his motion to dismiss, nor did he seek relief before unilaterally refusing to sit for his court-ordered deposition.

Cir. 2017).

Because a relief defendant simply holds a fraudster's spoils, "both subject matter jurisdiction over the nominal party and personal jurisdiction over the nominal party [are] unnecessary provided that there [is] subject matter and personal jurisdiction over the real parties and the nominal party [holds] property as a mere custodian for the real parties in interest." *S.E.C. v. Harden*, 2005 WL 2649857, at \*3 (W.D. Mich. Oct. 17, 2005); *cf. World Capital Mkt.*, 864 F.3d at 1004 (finding a relief defendant may be joined without the assertion of subject matter jurisdiction). The reason for this rule is obvious: "the S.E.C. must have the ability to prevent scam sellers of securities to secrete funds and must have the ability to reach those funds when the nominal party lacks any legal interest in the funds." *Harden*, 2005 WL 2649857, at \*3. Indeed, this case perfectly illustrates why a defendant's contacts with the United States may be imputed to a relief defendant. To rule otherwise would allow Michael Gastauer to evade the SEC's disgorgement authority — and stash the proceeds of a scheme to defraud American investors — by sending millions in unlawful earnings to his father in Germany.

Raimund Gastauer does not deny that the court had personal

jurisdiction over his son Michael.   The court previously found that he had received at least $500,000 in ill-gotten gains to which he had no legitimate claim.   Accordingly, the court properly ordered his deposition and the Commission properly noticed it.[2]

## B.   Hague Convention

The court also disagrees with Gastauer that the Commission should have noticed the deposition under the Hague Convention.   *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 544 n.28 (1987).   The court looks to the principles of comity articulated by the Supreme Court in determining whether to order compliance with the Hague Convention's procedures.   These principles include:

> (1) the importance to the . . . litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine

---

[2] The court takes no position whether, as Gastauer argues, a German court would refuse to enforce judgment against him because of his lack of contacts with the United States.   This argument was not timely raised and is irrelevant to these proceedings.

important interests of the state where the information is located.

*Id.*   Some courts have added two additional factors: "(1) good faith of the party resisting discovery; and (2) the hardship of compliance on the party or witness from whom discovery is sought." *Axtria Inc. v. OKS Grp., LLC*, 2022 WL 774038, at *1 (E.D. Pa. Mar. 15, 2022).

The principles of comity weigh against application of the Hague Convention's procedures here.   *See Wu v. Sushi Nomado of Manhattan, Inc.*, 2021 WL 7186735, at *10-11 (S.D.N.Y. Oct. 29, 2021).   First, the deposition is important to the litigation, as it will complete the record regarding the only remaining question arising from the Commission's motion for summary judgment: Gastauer's interest in the Dollar Bay Property.   Second, the deposition request is specific and arises from a court order.   Third, the information at issue did not originate in the United States, a factor weighing in favor of Gastauer.   Fourth, Gastauer has not pointed to any alternative means to secure information related to his interest in the Dollar Bay Property.   Fifth, noncompliance would undermine the United States' interest in pursuing the proceeds of fraud.   Sixth, Gastauer's insistence that the court lacks personal jurisdiction over him despite its order to the contrary suggests at least willful blindness, if not bad faith.   And

seventh, participating in a video deposition would not represent an undue hardship to Gastauer.   On balance, the principles of international comity weigh against applying the Hague Convention, and the Commission properly noticed the deposition under the Federal Rules of Civil Procedure.

### C.   Sanction

The Commission asks the court to sanction Gastauer by granting its motion for summary judgment.   The court may sanction a party who fails to obey an order to participate in a deposition by

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

The court examines a non-exhaustive list of factors in fashioning an appropriate sanction, including "the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions."

*AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015).

After reviewing the relevant factors, the court finds it appropriate to enter summary judgment against Gastauer.   Gastauer's discovery violations have been severe and repetitive: he initially failed to produce relevant documents in discovery and then used those documents to surprise the Commission with a new theory on summary judgment.   His deliberate failure to attend the deposition that the court ordered as an initial lesser remedy prevents the Commission from responding to his novel defense. Gastauer's excuse is his continued belief that the court should have dismissed the case for lack of personal jurisdiction, an argument the court rejected more than three years ago.   Now that the more lenient sanction of a compelled deposition has failed to secure Gastauer's cooperation, the Commission is left without the means to respond to his surprise defense. Summary judgment is therefore appropriate.

## ORDER

For the foregoing reasons, the Commission's motion for sanctions is <u>ALLOWED</u>.   The Clerk will enter judgment against relief defendant Raimund Gastauer.

SO ORDERED.

9

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE