UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:18-cv-12058-RGS |
| ROGER KNOX, WINTERCAP SA, MICHAEL T. GASTAUER, WB21 US INC., SILVERTON SA INC., WB21 NA INC., C CAPITAL CORP., WINTERCAP SA INC. AND B2 CAP INC. | ) ) ) ) ) ) ) ) |
| Defendants, and | ) ) ) |
| RAIMUND GASTAUER, SIMONE GASTAUER FOEHR, B21 LTD., SHAMAL INTERNATIONAL FZE, AND WB21 DMCC | ) ) ) ) ) |
| Relief Defendants. | ) ) ) |

---

**FINAL JUDGMENT AS TO DEFENDANT WINTERCAP SA**

The Securities and Exchange Commission having filed a Complaint and Defendant Wintercap SA ("Wintercap" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

1

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;
or

(c)     to engage in any transaction, practice, or course of business which operates or
        would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's
officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or
participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C.
§ 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any
        means or instruments of transportation or communication in interstate commerce
        or of the mails to sell such security through the use or medium of any prospectus
        or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to
        be carried through the mails or in interstate commerce, by any means or
        instruments of transportation, any such security for the purpose of sale or for
        delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in
        interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. §78o(a)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (with certain exemptions not applicable here), unless he is associated with a broker or dealer that is registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. §78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $5,862,634.81, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $285,428.42, jointly and severally with defendant Roger Knox, for a total of $6,148,063.23. Sums totaling $891,235 plus any accrued interest that are on deposit in the Court's Registry Account for this action shall be paid to the Commission in partial satisfaction of the $6,148,063.23 payment obligation. The balance of Defendant's $6,148,063.23 payment obligation shall be deemed satisfied by the Orders of Forfeiture entered against Defendant's principal, Roger Knox, in *United States v. Roger Knox*, Crim. No. 1:18-cr-10385 (D. Mass.), docket entry numbers 156, 207, 212 and 215.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all of the remaining

sums on deposit in the Court's Registry Account for this case, which total at least $891235 plus

any accrued interest, shall be transferred to the Commission in partial satisfaction of this

monetary judgment.  The Court's Registry Account may transmit payment electronically to the

Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.

Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  The Court's Registry Account also may transfer

these funds by certified check, bank cashier's check, or United States postal money order

payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated:   <u>December 21</u> , <u>2022</u>

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE
