UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12058-RGS

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff

v.

ROGER KNOX, WINTERCAP S.A., MICHAEL T. GASTAUER, WB21 US INC., SILVERTON SA INC., WB21 NA INC., C CAPITAL CORP., WINTERCAP SA INC., and B2 CAP INC.,
Defendants

and

RAIMUND GASTAUER, SIMONE GASTAUER FOEHR, B21 LTD., SHAMAL INTERNATIONAL FZE, and WB21 DMCC,
Relief Defendants

MEMORANDUM AND ORDER ON PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT

January 29, 2025

STEARNS, D.J.

Before the court is plaintiff United States Securities and Exchange Commission's (the Commission or SEC) renewed motion for summary judgment as to relief defendant Raimund Gastauer. For the following reasons, the court will allow the motion.

**BACKGROUND**

The court assumes the reader's familiarity with the factual and procedural history of the case. However, by way of brief background, on October 7, 2022, the court issued a final judgment against Gastauer, finding him liable on the SEC's claim of unjust enrichment after his appropriation of proceeds of securities fraud committed by his son, Michael Gastauer. *See* Dkt. # 286 at 1. The court entered an order of disgorgement against Gastauer, requiring him to pay $3,315,305 plus prejudgment interest to the SEC. *See* Dkt. # 286 at 2. Gastauer appealed the court's determination that it could exercise personal jurisdiction over him and the proceeds of the fraud ancillary to its uncontested jurisdiction over his son, whom the court deemed as the real defendant-in-interest. *See* Dkt. # 287 at 1. On February 9, 2024, the First Circuit reversed the court's entry of final judgment against Gastauer, rejecting the court's theory of derivative jurisdiction and remanded the matter for further proceedings.[1] *See SEC v. Gastauer*, 913 F.4th 1, 13 (1st Cir. 2024).

On remand, the court ordered the parties to submit supplemental briefing on the issue of whether Gastauer had sufficient minimum contacts

---

[1] As the Commission limited its argument on appeal to the imputation of jurisdictional contacts from the defendant-in-interest, Michael, to Gastauer, the First Circuit did not consider whether Gastauer satisfied the minimum contacts requirement, such as by engaging in financial transactions facilitated through U.S.-based institutions. *See id.* at 9 n.4.

with this forum for the court to exercise specific personal jurisdiction over him. *See* Dkt. # 314. The SEC then moved against Gastauer based on his personal contacts with the forum or, in the alternative, to take jurisdictional discovery. *See* Dkt. # 315. Gastauer did not oppose the motion. Responding to the SEC's motion, the court ruled that the SEC had "ma[de] out a colorable case for jurisdiction" and "identifie[d] factual disputes that may show exercising jurisdiction over Gastauer is proper" – including discovery confirming the extent of Gastauer's involvement in financial transactions in the United States and his obtaining of funds from bank accounts in the United States.[2] Dkt. # 317. The court accordingly permitted the Commission to take limited jurisdictional discovery on the issue of Gastauer's involvement in U.S.-based financial transactions involving Michael, WB21 US Inc., and C Capital Corp.[3] *See id.*

The Commission properly served on Gastauer document requests and interrogatories, and noticed a deposition of Gastauer. *See* Shields Decl. (Dkt.

---

[2] The court, on the factual record at the time, denied the SEC's motion to exercise personal jurisdiction without prejudice.

[3] After applying the balancing test of *Société Nationale Industrielle Aérospatiale v. U.S. District Court for the Southern District of Iowa*, 482 U.S. 522 (1987), the court also allowed the Commission to rely on the Federal Rules of Civil Procedure instead of the Hague Evidence Convention and Hague Service Convention for jurisdictional discovery. *See* Dkt. # 317.

3

# 320) ¶ 2. After Gastauer, again, refused to produce any documents, answer the interrogatories, or sit for a deposition, the Commission moved a second time for an order to compel Gastauer to respond to its discovery requests, or in the alternative, for sanctions under Federal Rules of Civil Procedure 37(b) and (d), specifically a finding that personal jurisdiction over Gastauer is conclusively established. *See* Dkt. # 318 at 1. Gastauer did not oppose the Commission's motion. Instead, he terminated his U.S. counsel and relayed through his German counsel that "he does not admit to the US courts as a valid jurisdiction." *See* Dkt. # 327; Ex. 4 at 1 (Dkt. # 320-4).

The court scheduled a hearing for August 6, 2024 via video conference for the SEC's motion and ordered that "Gastauer should be prepared to show cause why sanctions up to and including establishing as admitted jurisdictional facts should not issue." Dkt. # 322, 324. The court also stated that "[i]f Gastauer fails to appear at the hearing, the court will entertain a motion for default judgment," but underscored that Gastauer's appearance at the hearing would not waive any valid jurisdictional defense that he might wish to pursue. Dkt. # 324.

Despite having notice of the hearing, Gastauer failed to appear. Dkt. # 328. The court granted the Commission's motion and deemed as admitted facts sufficient to establish specific personal jurisdiction over him. *See id.*,

citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705-706 (1982); *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 38-39 (1st Cir. 2012) (holding if "the sanction fits the misconduct, a trial court is not obligated to withhold the sanction.")

## LEGAL STANDARD

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). "'[T]he mere existence of a scintilla of evidence' is insufficient to defeat a properly supported motion for summary judgment." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir. 2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

The Commission now requests that the court reinstate its prior summary judgment ruling against Gastauer, consistent with its prior warning that it was prepared to impose sanctions for Gastauer's refusal to

cooperate with discovery. *See* Dkt. # 330 at 1. Gastauer, again, refused to respond.[4]

There has been no subsequent factual development that calls the court's prior findings into question.[5] Nor are due process concerns implicated by the court's reinstatement of its summary judgment ruling. *See Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 705 (holding that there is no due process violation when a district court imposes under Rule 37(b) an order subjecting a party to personal jurisdiction as a sanction for the party's failure to comply with a discovery order seeking to establish facts relating to the court's personal jurisdiction over it). After Gastauer failed to respond to the

---

[4] On October 28, 2024, the court reminded Gastauer, after his United States counsel withdrew, that he had until November 14, 2024 to oppose the Commission's Motion for Summary Judgment. *See* Dkt. # 333. The Commission emailed Gastauer's German-based counsel the court's reminder, to which Gastauer's counsel indicated that Gastauer would not be accepting any "Court documents . . . other than that received from Germany's central authority under the Hague Convention on Service." Klunder Decl. (Dkt. # 298) ¶¶ 3, 4.

[5] On June 3, 2022, the court found that Gastauer was liable for unjust enrichment for $500,000 in proceeds that he received on December 26, 2017 from Entity Defendant WB21 US Inc. Dkt. # 263 at 18. After sanctioning Gastauer – including granting the Commission's motion for summary judgment in full – for violating numerous discovery orders, the court on October 7, 2022 held that Gastauer was liable for unjust enrichment for two additional wire transfers, totaling $2,815,305, on February 27, 2018 from Entity Defendant C Capital Corp. that were used to purchase a condominium at 3 Dollar Bay Place, London.

SEC's jurisdictional discovery requests and failed to appear remotely at the court's August 6, 2024 hearing, which specifically noted that Gastauer "should be prepared to show cause why sanctions up to and including establishing as admitted jurisdictional facts should not issue," Dkt. # 324, the court sanctioned him under Rule 37(b), deeming as admitted facts sufficient to establish specific personal jurisdiction over him – Gastauer's litigation misconduct is directly related to the merits of the jurisdictional issue. *Cf. Fuld v. Palestine Liberation Org.*, 82 F.4th 74, 94 (2d Cir. 2023).

The court will therefore reinstate its prior finding of summary judgment and require Gastauer to pay to the Commission his ill-gotten gains, which total $3,315,305, plus $1,347,326 in prejudgment interest to account for the additional time that Gastauer has had use of his gains.[6] *See SEC v. Sargent*, 329 F.3d 34, 40 (1st Cir. 2003) (holding that "prejudgment interest, like the disgorgement remedy, is intended to deprive wrongdoers of profits they illegally obtained by violating the securities laws").

## ORDER

---

[6] The prejudgment interest is calculated based on the IRS Underpayment Rate, using the date on which Gastauer received the relevant transfers as the starting date. *See* McCann Decl. (Dkt. # 332) ¶ 6.

For the foregoing reasons, the Commission's motion is <u>GRANTED</u>. Gastauer is ordered to pay $4,662,631 to the Commission. The Clerk will enter judgment accordingly.

        SO ORDERED.

        /s/ Richard G. Stearns
        UNITED STATES DISTRICT JUDGE